

**KEVIN P. RODDY, ESQ.**

T: 732.855.6402
F: 732.726.6686
kroddy@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

September 20, 2021

<u>**Via ECF**</u>

Honorable John Michael Vasquez
U.S. District Court
District of New Jersey
Dr. Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ  07101

    Re:    Salit Auto Sales, Inc. v. CCC Intelligent Solutions Inc.,
              Civil Action No. 19-18107 (JMV) (MF)

    Subject:    Notice of Waiver of Right to File Third Amended Complaint to Attempt to Address This Court's Bases for Finding Lack of Article III Standing

Dear Judge Vazquez:

    Please accept this letter as notice of the Plaintiff's immediate waiver of the 30-day right to file a third amended complaint to attempt to address any Article III standing deficiencies, as provided in the Court's August 28, 2021 Order and Opinion.  Dkt. Nos. 53 & 54, *reported at* 2021 WL 3783110.

    As a result of this waiver, there is no longer any possibility of disturbance of the Court's determination that Plaintiff lacks Article III standing (see August 28, 2021 Opinion, at 5 – 6), and therefore this Court is *required* to immediately remand this action to New Jersey Superior Court under the plain language of 28 U.S.C. § 1447(c) providing, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  As recognized by Chief Judge Wolfson, in the context of another case that had been removed from New Jersey state court pursuant to the Class Action Fairness Act,

September 20, 2021
Page 2

> Where a plaintiff lacks Article III standing, the federal court lacks subject matter jurisdiction and the matter must be remanded to state court. Remand is not a discretionary decision on the part of the Court; it is mandatory under 28 U.S.C. § 1447(c) even if remanding the case to state court may be futile.

*Brahamsha v. Supercell OY*, CV-16-8440 (FLW), 2017 WL 3037382, at *3 (D.N.J. July 17, 2017)(citations omitted). Under these circumstances, a district court should proceed *sua sponte* in issuing an immediate remand order "in the fulfillment of its independent obligation to determine its subject matter jurisdiction [and because] § 1447(c) compels remand…" *Brahamsha* 2017 WL 3037382, at *7 (Ordering remand *sua sponte* and specifying that "Plaintiff's separate 'motion' to remand… is denied as moot—the requested relief having already been granted.")

Therefore, the Court, having received this notice of the Plaintiff's waiver of right to submit any further pleading amendments with respect to Article III standing, should issue an immediate order remanding this action to the New Jersey Superior Court, and vacating all previous non-jurisdictional rulings for lack of subject matter jurisdiction. However, out of an abundance of caution, the Plaintiff shall file a formal motion for such an order following this notice, with a supporting brief that furthers explains the Plaintiff's position.

Respectfully submitted,

/s/ Kevin P. Roddy

Kevin P. Roddy

KPR/mm

#12600119.1